**In the Matter of Jeffrey A. SLOCOMBE, a/k/a Jeffrey A. Slocum.**

**No. 98S00–0702–DI–71.**

Supreme Court of Indiana.

May 11, 2007.

*ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause," advising that Respondent was disciplined by the State of Michigan and requesting, pursuant to Indiana Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On March

---

2, 2007, this Court issued an "Order to Show Cause", to which Respondent has not responded. This case is now before this Court for final resolution.

Respondent was admitted to practice law in Indiana in 1991. Respondent was also licensed to practice law in the State of Michigan. On April 1, 2005, the Grievance Administrator of the Michigan Attorney Grievance Commission filed a formal complaint in four counts against Respondent. The matter was heard, and a panel of the Attorney Discipline Board ("Board") found that Respondent had violated standards of professional conduct with respect to Counts I and IV but that there was insufficient evidence to establish violations with respect to Counts II and III.

With respect to Count I, Respondent admitted the following allegations: In June 1998, W.H. retained respondent to represent him in connection with the sale of dairy cattle. On or about June 15, 1998, Respondent filed a verified motion in this action, to which was attached an affidavit purportedly signed by W.H. W.H., however, had not signed the affidavit. Respondent signed the affidavit as notary public, swearing that the affidavit had been acknowledged before him by W.H., even though it had not been. Respondent did not notarize the affidavit in the presence of either W.H. or whoever had signed the affidavit.

With respect to Count IV, Respondent admitted the following allegations: In the

period of approximately two years between March 2000 and March 2002, Respondent signed an initial application and two renewal applications for professional malpractice insurance. On the initial application, Respondent represented that he was not the subject of any professional liability claim or suit within the prior five years, when in fact W.H. had filed a legal malpractice action against him in July 1999. On the renewal applications, Respondent represented that he had not been the subject of a reprimand, disciplinary action, or current investigation during the preceding year, when in fact six requests for disciplinary investigations had been filed against him during this period and four were still pending at the time of the second renewal application.

The Board found Respondent's conduct violated Michigan's rules of professional conduct. For his misconduct, Respondent was suspended from the practice of law in Michigan for ninety (90) days, effective February 22, 2007, *and* until he files an "affidavit of compliance," which he is eligible to file only after fulfilling certain conditions, including engaging a "monitor" to assist him and setting up a management system to ensure proper handling of all client matters.

We find further that there has been no showing, pursuant to Admission and Discipline Rule 23(28)(c),[1] of any reason why reciprocal discipline should not issue in this State.

---

**1.** Admission and Discipline Rule 23(28)(c), provides:

(c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;
(3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

IT IS THEREFORE ORDERED that Respondent, **Jeffrey A. Slocombe,** is hereby suspended from the practice of law in this state. Respondent is ordered to fulfill the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent shall not be eligible to petition for reinstatement in this state pursuant to Admission and Discipline Rule 23(4), until reinstated to the practice of law in the State of Michigan or until further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to Respondent or Respondent's attorney, to the Indiana Supreme Court Disciplinary Commission, to the Supreme Court of Michigan, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), governing suspension.

All Justices concur.